UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS REEDUS,

        Petitioner,

                              CIVIL ACTION NO. 00-CV-73585-DT
v.                                HONORABLE ARTHUR J. TARNOW

JIMMY STEGALL,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR RELIEF FROM JUDGMENT

Before the Court is Petitioner's Motion for Relief from Judgment, brought pursuant to Federal Rule of Civil Procedure 60(b), concerning this Court's dismissal of his habeas corpus petition on November 30, 2001.[1] Petitioner asserts that the Court's decision is no longer valid in light of *Crawford v. Washington*, 541 U.S. 36 (2004) (holding that ), and *Massaro v. United States*, 538 U.S. 500 (2003) (holding that a federal prisoner may assert an ineffectiveness claim on collateral review under 28 U.S.C. § 2255 even if the claim was one that he could, but did not, raise on direct appeal).

To the extent that Petitioner seeks reconsideration of the Court's ruling dismissing his petition, he is not entitled to relief. A motion for reconsideration which presents

---

[1] The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision. *Reedus v. Stegall*, No. 02-1062 (6th Cir. Oct. 14, 2003) (unpublished).

1

issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Further, even if the Court considers Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b), he is not entitled to relief. Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Having reviewed the pleadings, this Court concludes that Petitioner is not entitled to relief from judgment based upon either *Crawford* or *Massaro*. First, as to *Crawford*, the United States Court of Appeals for the Sixth Circuit has held that *Crawford* is not retroactive and does not apply to cases on collateral review. *See Dorchy v. Jones*, 398

F.3d 783, 788 (6th Cir. 2005).  Thus, this Court correctly relied upon the standard set forth in *Ohio v. Roberts*, 448 U.S. 56, 66 (1980), in ruling upon Petitioner's Confrontation Clause claim.  Moreover, *Crawford* does not apply to the facts of Petitioner's case.  The disputed hearsay testimony by Ricky Taylor was properly admitted under Michigan law as a present sense impression and did not violate the Confrontation Clause.  Even if a constitutional error occurred, such error was harmless given the other testimony at trial.

Second, *Massaro* is inapplicable to Petitioner's ineffective assistance of counsel claim as that decision involves a procedural default in the federal courts, not whether a state court procedural default bars federal habeas review.  *See, e.g., Lewis v. Sternes*, 390 F.3d 1019, 1032 (7th Cir. 2004) ("*Massaro* is entirely silent on the subject of state prisoners making ineffectiveness claims under section 2254, and it certainly does not purport to overrule ample precedent holding that habeas petitioners must present their claims of attorney ineffectiveness to the state courts before seeking relief in federal court").  Furthermore, even if the Court erred in finding a procedural default, Petitioner is not entitled to relief because, as discussed in the Court's prior opinion, his ineffective assistance of counsel claim lacks substantive merit.  Petitioner is thus not entitled to relief from judgment in this case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion is **DENIED**.[2]

        s/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: July 11, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 11, 2005, by electronic and/or ordinary mail.

        s/Catherine A. Pickles
        Case Manager

---

[2] The Court notes that Petitioner's motion is not particularly timely given that his petition was denied in November, 2001 and the Supreme Court decisions upon which he relies were issued in April, 2003 and March, 2004.